Rives v. City of Columbia.

GILLIE S. RIVES, Respondent, v. CITY OF COLUMBIA et al.,
Appellants.

#### Kansas City Court of Appeals, April 24, 1899.

1. **Costs:** SPECIAL JURY: VOLUNTARY NONSUIT. Where a party order-
ing a special jury takes a nonsuit after the impanelment of the jury
but before the trial, he must pay the cost of a special jury.

2. ———: ———: POWER OF JUDGE. Until the case is tried the stat-
ute gives the judge no authority whatever to make a certificate as to
the propriety of calling a special jury to try the cause.

*Appeal from the Boone Circuit Court.*—HON. J. A.
HOCKADAY, Judge.

REVERSED AND REMANDED (with directions).

E. W. HINTON and WEBSTER GORDON for appellants.

Since there was no trial of this cause by reason of the
plaintiff's voluntary nonsuit, the provisions of section 6089,
Revised Statutes 1889, were inapplicable, and all costs should
have been adjudged against the plaintiff under section 2932.

ODON GUITAR and W. H. TRUITT, JR., for respondent.

Section 2932, Revised Statutes 1889, has no application
whatever to the case at bar, nor to any case where a "special
venire" is ordered on the application of either party, and is
confined in its operation only to cases where the "plaintiff
dismisses his suit," or where the "defendant dismisses the same
for want of prosecution," and the section expressly provides
that "in all other cases it shall be in the discretion of the court
to award costs, or not; except in those cases in which a dif-
ferent provision is made," as in the cases provided for in section

Rives v. City of Columbia.

6089, Revised Statutes 1889, where a "special venire" is ordered on the application of either party, and in such cases "the cost of such special jury shall be paid for by the party applying therefor, irrespective of the result," or whether such case shall have been tried, or passed upon by such special jury or not, or whether the verdict of the jury, or the judgment of the court shall be in favor of the party applying for such special venire or not. The only exception to this peremptory rule, is whether "the judge presiding at the trial, shall at the close thereof, or within two days thereafter, certify that the case was one for the trial of which a special jury should have been ordered."

SMITH, P. J.—This is an action by the plaintiff against the city of Columbia and certain of its officers, who are codefendants, to recover damages alleged to have been occasioned by the making of certain street improvements. The question which the appeal brings before us is one relating to the taxation of cost in the court below.

It appears that after the issues in the case had been made up by the pleadings the plaintiff, in conformity to the requirements of section 6089, Revised Statutes, applied for, and obtained an order of the court for a special jury. It further appears that after the special jury so ordered had been impaneled and the challenges made the plaintiff, at that point, took a voluntary nonsuit and judgment was given accordingly. There was however a clause in the judgment to the effect that, "the cost of summoning said special venire and the attendance (per diem and mileage) of the same amounting to twenty dollars and ninety cents be and the same is hereby taxed against defendants," etc. It is contended by the defendants that the action of the court in taxing the cost of said special jury against them was unauthorized by the statute and therefore erroneous.

Section 2932, Revised Statutes, provides: "Upon the plaintiff dismissing his suit or the defendant dismissing the same for want of prosecution, the defendant shall recover against the plaintiff his costs, and in all other cases it shall be in the discretion of the court to award costs or not except in those cases in which a different provision is made by law."

COSTS: special jury: voluntary non- suit.

It would hardly be disputed that if said section 6089 simply provided that either party should, as a matter of course, be entitled to a special jury, without making any provision as to how or by whom the cost of such jury should be paid, in a case like the present the cost of the special jury would, under said section 2932, be properly taxable against the plaintiff. The court in such case would have no discretion as to awarding the cost of the special jury.

Nor is there anything in said section 6089 to justify the taxation of the cost of said special jury against the defendants. It provides, "that the cost of such special jury shall be paid by the party *applying*, irrespective of the result, unless the judge  *  *.  *  certify that the case was one for the trial of which a special jury should have been ordered, in which case the costs of the special jury shall be taxed as other costs against the losing party." It is clear from this that the party who applies for and obtains the order for the special jury shall pay the cost thereof, irrespective of the result in the case, no difference what may happen, unless the trial judge at the close of the case shall certify that it was one for the trial of which a special jury should have been ordered. The only qualification of the liability of the party applying for the special jury to pay the costs thereof is that just stated.

Where a case proceeds to trial by a special jury the cost of such special jury must, under this statutory requirement, be taxed against the applicant therefor unless he be relieved therefrom by the certificate of the judge. Until a case is tried the statute

—: —: power of judge.

confers no authority whatever on the judge to make the statutory certificate; and until that is made neither the court nor the clerk thereof has any authority to tax the cost of the special jury against a party other than the one who applied for such jury. It follows that the court below erred in taxing the cost of the special jury against the defendants. The same should have been taxed against the plaintiff.

The judgment must be reversed and cause remanded with directions to enter judgment for the defendants for the item of $20.90, the same being the amount of the cost of the special jury. All concur.